IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY D. BEARDEN,<br><br>   Plaintiff,<br><br> v.<br><br>M.S. EVANS, et al.,<br><br>   Defendants.<br>_____ | No. C 05-3833 MMC (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(Docket No. 2) |

  Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983, naming as defendants various officials of Salinas Valley State Prison ("SVSP") and alleging said defendants have caused him to be placed in administrative segregation improperly.  He has applied for leave to proceed in forma pauperis.

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. at § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

  The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement under § 1997e(a) is mandatory and not merely directory. Porter v. Nussle, 122 S. Ct. 983, 988 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. Porter, 122 S. Ct. at 992.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir.), cert. denied, 124 S. Ct 50 (2003). However, a complaint may be dismissed by the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120. Here, plaintiff concedes in his complaint that he has not exhausted his administrative remedies, see Complaint at 2, and no exception to exhaustion is alleged or apparent in the complaint. Section 1997e(a) requires that plaintiff present his claims to each level of administrative review set forth above, including the Director's level of

review, before raising those claims in a § 1983 complaint in federal court. As it is clear from the complaint that plaintiff has not pursued all levels of administrative grievances available to him, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED without prejudice to refiling after all available administrative remedies have been exhausted.

Leave to proceed in forma pauperis is DENIED and no fee is due.

This order terminates Docket No. 2 and any pending motions.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: October 28, 2005

_____
MAXINE M. CHESNEY
United States District Judge